UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL KENT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT FOR VIOLATIONS OF** |
| ARENA PHARMACEUTICALS, INC., GARY | ) | **THE FEDERAL SECURITIES LAWS** |
| A. NEIL, JAYSON DALLAS, OLIVER | ) | |
| FETZER, KIERAN T. GALLAHUE, | ) | |
| JENNIFER JARRETT, KATHARINE KNOBIL, | ) | **JURY TRIAL DEMANDED** |
| AMIT D. MUNSHI, TINA S. NOVA, NAWAL | ) | |
| OUZREN, and STEVEN SCHOCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination

and inquiry conducted by and through his counsel, except as to those allegations pertaining to

Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Arena Pharmaceuticals, Inc. ("Arena" or the

"Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities

Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and

Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to

enjoin the vote on a proposed transaction pursuant to which Pfizer, Inc. ("Pfizer") will acquire the

Company through Pfizer's subsidiary Antioch Merger Sub, Inc. ("Merger Sub") (the "Proposed

Transaction").[1]

---

[1] Non-party Pfizer is a Delaware corporation with its principal executive offices located at 235 East
42nd Street, New York, New York 10017.   Pfizer's common stock trades on the New York Stock
Exchange under the ticker symbol "PFE."   Non-party Merger Sub is a wholly owned subsidiary of
Pfizer.

2.      On December 13, 2021, Arena and Pfizer jointly announced their entry into an Agreement and Plan of Merger dated the preceding day (the "Merger Agreement").  That agreement provides Arena stockholders will receive $100 in cash for each share of Company common stock they own (the "Merger Consideration").[2]

3.      On January 3, 2022, Pfizer filed a Definitive Proxy Statement on Schedule DEF14A (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Arena stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      The Court has jurisdiction over defendants because each defendant is either a

---

[2] The approximate value of the Proposed Transaction is $6.7 billion.

corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a stockholder of Arena.

10.     Defendant Arena is a Delaware corporation with its principal executive offices located at 136 Heber Avenue, Suite 204, Park City, Utah.  The Company's common stock trades on the Nasdaq Global Select Market under the ticker symbol "ARNA."

11.     Defendant Garry A. Neil ("Neil") has been Chair of the Board since February 2021, and a director of the Company since February 2017.

12.     Defendant Jayson Dallas ("Dallas") is and has been a director of the Company since February 2017.

13.     Defendant Oliver Fetzer ("Fetzer") is and has been a director of the Company since February 2017.

14.     Defendant Kieran T. Gallahue ("Gallahue") is and has been a director of the Company since July 2018.

15.     Defendant Jennifer Jarrett ("Jarrett") is and has been a director of the Company since June 2017.

16.     Defendant Katharine Knobil ("Knobil") is and has been a director of the Company since June 2020.

17.     Defendant Amit D. Munshi ("Munshi") has been President and Chief Executive Officer ("CEO") of the Company since May 2016, and a director of the Company since June 2016.

3

18.     Defendant Tina S. Nova ("Nova") is and has been a director of the Company since September 2004.  Defendant Nova previously served as Chair of the Board from June 2016 to February 2021, and as the Board's lead independent director from June 2015 to June 2016.

19.     Defendant Nawal Ouzren ("Ouzren") is and has been a director of the Company since February 2021.

20.     Defendant Steven Schoch ("Schoch") is and has been a director of the Company since June 11, 2021.

21.     Defendants identified in paragraphs 10-20 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

22.     On December 13, 2021, Arena and Pfizer jointly announced in relevant part:

NEW YORK & PARK CITY, Utah--Dec. 13, 2021-- Pfizer Inc. (NYSE: PFE) and Arena Pharmaceuticals, Inc. (Nasdaq: ARNA) today announced that the companies have entered into a definitive agreement under which Pfizer will acquire Arena, a clinical stage company developing innovative potential therapies for the treatment of several immuno-inflammatory diseases.  Under the terms of the agreement, Pfizer will acquire all the outstanding shares of Arena for $100 per share in an all-cash transaction for a total equity value of approximately $6.7 billion.  The boards of directors of both companies have unanimously approved the transaction.

Arena's portfolio includes diverse and promising development-stage therapeutic candidates in gastroenterology, dermatology, and cardiology, including etrasimod, an oral, selective sphingosine 1-phosphate (S1P) receptor modulator currently in development for a range of immuno-inflammatory diseases including gastrointestinal and dermatological diseases.

"The proposed acquisition of Arena complements our capabilities and expertise in Inflammation and Immunology, a Pfizer innovation engine developing potential therapies for patients with debilitating immuno-inflammatory diseases with a need for more effective treatment options," said Mike Gladstone, Global President & General Manager, Pfizer Inflammation and Immunology.  "Utilizing Pfizer's leading research and global development capabilities, we plan to accelerate the clinical development of etrasimod for patients with immuno-inflammatory diseases."

Arena has built a robust development program for etrasimod, including two Phase 3 studies in ulcerative colitis (UC), a Phase 2/3 program in Crohn's Disease, a planned Phase 3 program in atopic dermatitis, and ongoing Phase 2 studies in eosinophilic esophagitis and alopecia areata.

In UC, the randomized, placebo-controlled, dose-ranging, Phase 2 study (OASIS) evaluated the efficacy and safety of etrasimod in moderate to severe UC patients over 12 weeks versus placebo.  In the study, most patients who achieved clinical response, clinical remission, or endoscopic improvement at week 12 experienced sustained or improved effects up to week 46 with etrasimod 2 mg in the open-label extension. Etrasimod also demonstrated a favorable benefit/risk profile, consistent with safety findings reported in the double-blind portion of OASIS.  The findings are encouraging as there remains significant unmet need for safe and effective oral therapies in UC for patients with inadequate response, loss of response, or intolerance to conventional or advanced therapies.  The OASIS trial supported the advancement of the ELEVATE UC 52 and UC 12 trials, which are currently fully enrolled, and for which data are expected in 2022.

In addition, Arena's pipeline includes two development-stage cardiovascular assets, temanogrel and APD418.  Temanogrel is currently in Phase 2 for the treatment of microvascular obstruction and Raynaud's phenomenon secondary to systemic sclerosis. APD418 is currently in Phase 2 for acute heart failure.

"We're delighted to announce Pfizer's proposed acquisition of Arena, recognizing Arena's potentially best in class S1P molecule and our contribution to addressing unmet needs in immune-mediated inflammatory diseases," said Amit D. Munshi, President and Chief Executive Officer of Arena.  "Pfizer's capabilities will accelerate our mission to deliver our important medicines to patients.  We believe this transaction represents the best next step for both patients and shareholders."

Pfizer expects to finance the transaction with existing cash on hand.

Under the terms of the merger agreement, Pfizer will acquire all of the outstanding shares of Arena common stock for $100 per share in cash.  The proposed transaction is subject to customary closing conditions, including receipt of regulatory approvals and approval by Arena's stockholders.

Pfizer's financial advisors for the transaction are BofA Securities and Centerview Partners LLC, with Ropes & Gray and Arnold & Porter Kaye Scholer LLP acting as its legal advisors.  Guggenheim Securities, LLC and Evercore Group LLC served as Arena's financial advisors, while Cooley LLP served as its legal advisor.

## The Proxy Statement Contains Material Misstatements or Omissions

23.     Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Arena's stockholders.  The Proxy Statement misrepresents or omits

material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

24.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning the Company's financial projections and the valuation analyses underlying the fairness opinion provided by the Company's financial advisors Evercore Group L.L.C. ("Evercore") and Guggenheim Securities, LLC ("Guggenheim").[3]

***Material Omissions Concerning the Company's Financial Forecasts***

25.     The Proxy Statement omits material information regarding the financial forecasts for the Company, including the line items underlying Arena's projections for: (a) Risk Adjusted Total Revenue; (b) EBIT; and (c)  Unlevered Free Cash Flow.[4]

26.     The omission of this material information renders the statements in the "Financial Projections" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Financial Advisors' Analyses***

27.     The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by the Financial Advisors.

28.     The Proxy Statement describes the Financial Advisors' respective fairness opinions and the various underlying valuation analyses.  Those descriptions, however, omits key inputs and assumptions forming the bases of these analyses.  The absence of this material information precludes the Company's public stockholders from fully understanding the Financial Advisors' work.  As a

---

[3] Evercore and Guggenheim collectively will be referred to herein as the "Financial Advisors."

[4] Although the Proxy Statement provides that the Company's financial forecasts are risk-adjusted, it does not disclose the pre-adjustment projections or what adjustments were made.  Both are material and must be disclosed.

result, Arena stockholders cannot assess what significance to place on Financial Advisors' fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

29.     With respect to the *Discounted Cash Flow Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the actual, unlevered, after-tax free cash flows ("UFCFs") for fiscal years 2022 through 2040 used by Evercore in the analysis; (b) the terminal year estimate of the UFCFs for Arena; (c) the terminal values for Arena; (d) the present value of tax savings from Arena's estimated usage of net operating losses; and (e) the inputs and assumptions underlying the range of discount rates used by Evercore in connection with the analysis.

30.     With respect to the *Selected Transactions Analysis* performed by Evercore, the Proxy Statement fails to disclose Arena's estimated 2026 revenue.

31.     With respect to the *Equity Research Analyst Price Targets* analysis performed by Evercore, the Proxy Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

32.     With respect to the *Selected Public Company Trading Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the companies analyzed by Evercore; and (b) Arena's estimated 2026 revenue.

33.     With respect to the *Premiums Paid Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the transactions observed; and (b) the individual premiums observed for each of the transactions.

34.     With respect to The *Arena Discounted Cash Flow Analysis* performed by Guggenheim, the Proxy Statement fails to disclose: (a) the risk-adjusted UFCFs for Arena used by Guggenheim in the analysis, or clarification the UFCFs used by Guggenheim are set forth on page 36 of the Proxy Statement; (b) quantification of Arena's terminal year normalized UFCF; (c) the terminal

values for the Company; and (d) the inputs and assumptions underlying the range of discount rates used by Guggenheim in connection with the analysis.

35.     With respect to The *Arena Wall Street Equity Research Analyst Stock Price Targets* analysis performed by Guggenheim, the Proxy Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

36.     With respect to The *Premiums Paid in Selected Precedent Merger and Acquisition Transactions* analysis performed by Guggenheim, the Proxy Statement fails to disclose: (a) the transactions observed; and (b) the individual premiums observed for each of the transactions.

37.     The omission of this material information renders the statements in the "Opinion of Evercore Group L.L.C." and "Opinion of Guggenheim Securities, LLC" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.  Indeed, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Arena stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

39.     Plaintiff repeats all previous allegations as if set forth in full.

40.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

41.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Financial Advisors.   The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

42.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

43.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

44.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of
### Section 20(a) of the Exchange Act

45.     Plaintiff repeats all previous allegations as if set forth in full.

46.     The Individual Defendants acted as controlling persons of Arena within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Arena, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

49.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Arena's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Arena, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Arena stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  January 13, 2022                    **LONG LAW, LLC**

By   */s/ Brian D. Long*
_____
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*